STATE of Missouri, Respondent,

v.

William JOHNIGAN, Appellant.

No. 57476.

Supreme Court of Missouri,
Division No. 1.

May 14, 1973.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

William H. Howery, Kansas City, for appellant.

BARDGETT, Judge.

William Johnigan, tried by a jury, convicted of robbery in the first degree, a felony, sentenced to fifteen years in the Missouri Department of Corrections, has appealed. Notice of appeal was filed prior to January 1, 1972. This court has jurisdiction. Mo.Const.1945, Art. V, § 31(4), V. A.M.S., as amended 1970.

Defendant does not question the sufficiency of the evidence.

On Saturday, September 26, 1970, at about 12:45 p.m., two negro men entered Riley's House of Television in Kansas City, Missouri, armed with handguns and held up one of the proprietors and made off with about $135 from the cash register. Several people were in the store and four of them testified that defendant was one of the robbers. Defendant testified and denied being present at or involved in the robbery and claimed he was with a Mr. and Mrs. Parham and his then fiancee, now wife, at the time of the robbery.

■ Defendant's first point is that the court erred in overruling his motion to suppress the identification testimony of the four eyewitnesses contending that the lineup was unreasonably suggestive and conducive to an unreliable identification resulting in a denial of due process to defendant. This contention is based on the evidence that the police had shown photographs of several people to the four witnesses within two days following the robbery and prior to the lineup which was held September 28, 1970. Defendant appeared in the lineup with two other negro males and all four witnesses identified defendant as one of the robbers at that time.

The court held an evidentiary hearing on the defendant's motion to suppress the identification testimony. There was no evidence that any photograph was given any undue prominence by the police nor is there any evidence that the police made known to the witnesses the names of any of the persons whose photographs were used prior to the lineup. There was no evidence that the police made any suggestion to any of the witnesses that defendant, or anyone else, was a likely suspect. The court did not err in overruling the motion to suppress. The point is overruled.

■ Defendant's second point is that the court erred in giving instruction No. 3, the verdict-directing instruction on robbery in the first degree, on the ground that the instruction failed to require the jury to find that defendant intentionally acted in concert with another in aiding and abetting in the commission of the robbery, placing principal reliance on State v. Grebe, 461 S.W.2d 265 (Mo.banc 1970). Paragraph two of instruction 3 required the jury to find "that at that time and place the defendant acted knowingly with another person with common intent to commit the offense of robbery in the first degree". In *Grebe* the defendant was tried as an aider and abettor. Defendant here was tried as a principal in the actual commission of the offense. The distinction between the two types of cases is set forth in State v. Bolden, 473 S.W.2d 355 (Mo.1971), and is decisive of the issue here. The point is overruled.

Defendant's third point is that the court erred in allowing the prosecutor to comment on the failure of defendant's wife to testify and in overruling defendant's motion for mistrial and, alternatively, in failing to instruct the jury to disregard the comment.

In closing argument the prosecutor stated that the defendant had testified to his activities on September 26, 1970; that his activities revolved around four people—Mr. and Mrs. Parham, defendant's wife, and his mother; that defendant testified to his activities revolving around these people "[b]ut all of that testimony was completely unsupported. It was only his word, only his testimony, except for the six or seven minutes which was verified by his mother."

At the bench, defendant's counsel moved for a mistrial or, alternatively, that the court instruct the jury to disregard the comment by the prosecutor as to the failure of defendant's wife to testify, stating that the prosecutor did not mention it directly but mentioned it indirectly. The court overruled both motions.

In State v. Allen, 235 S.W.2d 294 (Mo. 1950), and State v. Wyatt, 276 S.W.2d 86 (Mo.banc 1955), cited by defendant, there were direct and pointed references to the failure of the wife of the defendant to testify. The instant case is controlled by State v. Hutchinson, 458 S.W.2d 553 (Mo. banc 1970), where the court held that the scope of appellate review of the action of the trial court with reference to objections to argument "is as stated in State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, 588 [banc 1950]: 'Whether or not a particular improper argument is so prejudicial under the facts in the particular case, as to necessitate a reprimand of counsel or a discharge of the jury, is largely within the discretion of the trial court. An appellate court will not interfere unless the record shows that the trial court abused its discretion to the prejudice of the appellant.' "

In the instant case there was no direct reference to the failure of defendant's wife to testify. The court did not abuse its discretion in overruling defendant's motions. The point is overruled.

Defendant's fourth point concerns the cross-examination by the prosecutor of Donzell Mayfield, a character witness called by the defendant. Toward the end of the direct examination of Mr. Mayfield, Mayfield testified that from his personal knowledge and from hearing things in the community, he [Mayfield] had determined that defendant's reputation as a soldier had been good, and that the defendant had not "been kicked out of the army with a dishonorable discharge". The first question by the prosecutor on cross-examination was, "He hasn't been kicked out of the army with a bad conduct discharge, but he's been court-martialed _ _ _". At this point defense counsel interrupted the question or statement and there was a conference at the bench. Defense counsel moved for a mistrial on the ground that it was improper to introduce evidence of this court-martial because there is no similar crime in Missouri. The motion was overruled. No other relief was requested. Thereafter, the prosecutor asked the witness if it wasn't true that defendant had been court-martialed and convicted, and the witness said he didn't know, and in answer to a subsequent question that even if he knew defendant had been court-martialed it would have no bearing upon the witness's opinion of defendant as a soldier.

State v. Lee, 404 S.W.2d 740 (Mo.1966), cited by defendant for the proposition that evidence of a court-martial conviction for dereliction of duty is not admissible for the purpose of impeachment, is not in point as the questions in this case were not asked for the purpose of impeaching the testimony of defendant Johnigan. In State v. Slade, 338 S.W.2d 802 (Mo.1960), the court held that on cross-examination of a character witness inquiry as to whether the witness knows of specific acts of misconduct is permissible to test the knowledge, the trustworthiness,

and accuracy of the witness's information, the basis for his judgment, candor, and credibility. Here the defense opened up the subject of whether or not the defendant had been a good soldier and elicited testimony from Mr. Mayfield as to defendant's character on that point. It was proper for the state to cross-examine on the same point and to inquire of the witness as to whether the court-martial of the defendant would affect the witness's testimony concerning the character of the defendant. The point is overruled.

█ Defendant's last point is that the court erred in refusing to instruct the jury to disregard a comment made by the prosecutor during closing argument that if the jury acquitted the defendant he would go out and rob again.

During the closing portion of the state's argument, the prosecutor said, "Mr. McMullin said that your decision is not going to make any difference, the world is going to go on. The world will go on if you acquit and that's true. It will. If you acquit these actions are going to go on. This man is going to continue doing exactly the same thing he has been doing." Defense counsel requested the court to instruct the jury to disregard the remark of the prosecutor or to grant a mistrial, stating that it is improper for the prosecutor to say, without any proof, that the defendant will commit any further crime. The request to instruct the jury and the motion for mistrial were overruled.

Defendant argues here that the remark of the prosecutor was the same as the prosecutor injecting his personal belief into the case, but this was not the objection made at trial. The court did not abuse its discretion in overruling defendant's motion for mistrial nor in refusing to instruct the jury to disregard the prosecutor's comment. The point is overruled.

The judgment is affirmed.

HOLMAN, P. J., concurs.

SEILER, J., dubitante for the reasons stated in dissenting opinions in State v. Hutchinson, 458 S.W.2d 553, 559 (Mo.banc 1970), and State v. Pruitt, 479 S.W.2d 785, 793 (Mo.banc 1972).