**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry Dale WINTJEN, Defendant-Appellant.**

**No. 9479.**

Missouri Court of Appeals,
Springfield District.

Sept. 20, 1973.

**40**

Hubert E. Lay, Houston, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

JACK A. POWELL, Special Justice.

Defendant was charged and convicted by a jury of forcible rape under § 559.260, RSMo 1969, V.A.M.S. The jury verdict assessed punishment at ninety-nine years imprisonment, and the Court so sentenced the defendant. Defendant appeals.

On the evening of February 12, 1972, prosecutrix and her roommate went to the Executive Lounge in Springfield, Missouri. The roommate's ex-husband had been in touch with her (his ex-wife) earlier that day and knew that his ex-wife might be there.

The defendant and ex-husband arrived at the Executive Lounge between 10:00 and 11:00 o'clock P.M. Neither had an automobile. The women had ordered some drinks before the men arrived. The parties consumed more intoxicating liquor and danced until about closing time, after midnight. When the four left the tavern they went to the parked car of prosecutrix and the women got in the front seat and the men in back. At this point, the testimony of the witnesses for the State sharply conflicts with the testimony of the defendant.

The testimony of the State's witnesses supports the following: Prosecutrix' roommate was forced to drive the car out of the city by the defendant. The defendant held a knife to her throat to insure that she drove in the exact manner he prescribed. After passing through Seymour, Missouri, defendant ordered the driver to turn off on a side road and she was eventually told to stop the car in a small lane. Defendant then ordered driver into the back seat with him and told her ex-husband to get in the front seat with prosecutrix. Defendant then ordered the roommate to remove her clothes. She refused and in a scuffle with defendant her hand was cut by the knife. However, she escaped from the car and was running away when she stumbled and fell

in a ditch. Defendant tried without success to find her in the dark and then returned to the car. During this period, prosecutrix testified that she tried to escape but that her roommate's ex-husband grabbed her by the hair and held her. Defendant then threatened prosecutrix' life and told her to call her roommate back and if she did not come, he would kill prosecutrix. Prosecutrix testified that she called and pleaded with her roommate to come back. The roommate testified she heard the plea, but feared for her own life and continued in hiding.

Prosecutrix was then forced back into the car and the three left. The roommate testified that she then ran to a farm house and alerted authorities.

Prosecutrix testified that defendant raped her twice. That on each occasion he used force in that he held a knife to her throat. She finally escaped from the car without any clothing but a blouse. She flagged down the driver of an oncoming vehicle and was given some clothing and transportation to the nearest filling station from where she was able to contact her father in Springfield, Missouri.

Defendant took the stand and testified to a different set of facts. He testified that after the four of them left the Lounge, the ex-wife, ex-husband duo got into an argument and ex-husband told the ex-wife that if she would drive him to West Plains she would never see him again. To this she agreed and they all started to West Plains. Defendant admitted having had intercourse with prosecutrix on one occasion, but he testified that she was willing so to do. He denied the use of force and stated that he did not have a knife.

Defendant seeks to have the judgment reversed. To support his request, the defendant relies on three points in his brief. Since each of these points is directed at the closing argument of the Prosecuting Attorney, we set forth the argument which gives offense to the defendant.

"I'm telling you, gentlemen, that [prosecutrix], when she sat in that chair told you the God's truth under oath, and you know she did. And [her roommate] told you the God's truth under oath, and you know that she did. And you heard what Dr. Hampton said, that this girl had been molested. And you know he told the truth. And you know that Officer Lambe told the truth when he chased these guys at high speeds and had a roadblock—almost destroyed a police car when they tried to run it. You know that's true, too.

"And I don't think you believe one word—one word that this man said on the witness stand. I think you can look at him. I think he's dangerous.

MR. LAY: Now, we object to that and ask that be stricken and the jury instructed not to consider it.

THE COURT: Sustained.

MR. LAY: We ask for a mistrial.

THE COURT: Sustained.

MR. LAY: We ask that the Prosecuting Attorney be reprimanded.

THE COURT: That remark is stricken. Mistrial denied. Proceed.

MR. BECKER: And I just ask you gentlemen to do your duty. That's all. Thank you for your time. Mr. Lay's job is done. He's done it admirably. Try to do my job as best I can. Of course, it's your job now. Thank you."

The offending words to defendant are: "And I don't think you believe one word— one word that this man said on the witness stand. I think you can look at him. I think he's dangerous."

## POINT I

Defendant's first point is that defendant requested that the remarks be stricken and that counsel be reprimanded, but the court (although making a gesture to do so)

failed to effectively remove the sting of the alleged improper and prejudicial remarks.

■ There exist many unpredictables in the trial of a lawsuit, but perhaps the most unpredictable is the flight to which words may soar in the heat and fatigue of the closing argument. It is thus recognized by our courts that as to the impropriety of argument and its effect, each case must be considered in light of the facts of that particular case. State v. Renfro, 408 S.W.2d 57 (Mo.1966); State v. Harris, 351 S.W.2d 713 (Mo.1961). We are not without certain guidelines, however, and we quote from State v. Green, 292 S.W.2d 283 (Mo.1956), l. c. 288: "Whether or not the remarks of counsel are improper, and whether or not improper remarks are prejudicial under the facts of the particular case and necessitate a reprimand of counsel or a discharge of the jury are matters which rest very largely within the trial court's discretion, and the appellate court will not interfere unless the record shows an abuse of such discretion to the appellant's prejudice. State v. Tiedt, 360 Mo. 594, 229 S.W.2d 582, 588 [11]; State v. Sanchez, Mo., 269 S.W.2d 46, 48 [2]; State v. Lorts, Mo., 269 S.W.2d 88, 92 [9]."

■ Was the remark of counsel improper? The trial court so considered it. It has been held improper for a prosecuting attorney to suggest to a jury that they or their families are in personal danger if the defendant is acquitted. It is likewise held improper for the prosecutor to argue the defendant's criminal proclivities and the necessity of deterring him from committing future crimes. State v. Raspberry, 452 S.W.2d 169 (Mo.1970). Nor should a prosecutor apply unbecoming names and epithets to a defendant. State v. Taylor, 320 Mo. 417, 8 S.W.2d 29 (1928).

■ Here the defendant took the stand and testified. There can be no question but that his demeanor while on the stand is the subject of fair comment. However, defendant contends that the case of State v. Davis, 190 S.W. 297 (Mo.1916), supports his position. In that case the prosecuting attorney made reference to the defendant sitting at the counsel table without shedding a tear, without a change of expression. This was held to be outside the record. Defendant apparently believes that the prosecuting attorney's comments were "outside the record", so let us consider this position.

■ The testimony offered by the State, if true, discloses the defendant as extremely dangerous. Although this is a conclusion, it is supported by the State's evidence. Defendant denied he had a knife or was engaged in any dangerous activity. Whether or not he was a dangerous man bears upon the truthfulness of his testimony, and may be a fair comment. State v. Moore, 428 S.W.2d 563 (Mo.1968); State v. Harris, supra, 351 S.W.2d 713; State v. Poucher, 303 S.W.2d 197 (Mo.App.1957). In 53 Am.Jur. Trial § 504 (1945), at p. 407, we find the following statement: "However, that which is proved by direct testimony or is fairly inferable from facts and circumstances proved and which has a bearing upon the issues is a fair subject for comment by counsel, and if such deductions and inferences tend to fix upon a defendant the wickedness of the crime charged against him, it is within the scope of proper and fair argument to denounce him accordingly."

Therefore, although the trial court concluded that the argument was improper, it is apparent that the court in its discretion, was justified in not reprimanding counsel, as counsel's argument has a factual undergirding which supported a "good faith" conclusion.

Defendant argues that since the court did recognize the argument as being improper, the court was obligated to take action to eradicate the poison and failed to do so, and cites State v. Clancy, 225 Mo. 654, 125 S.W. 458 (1910). In the latter case, the prosecuting attorney made repeated references to the defendant as a police character. Defense counsel continued to ob-

ject and requested that the remarks be stricken and the prosecuting attorney admonished. The trial judge then said (after the prosecuting attorney had defined the term "police character" in open court), 225 Mo. l. c. 659–660, 125 S.W. l. c. 459: "With that explanation . . . I will sustain that, and correct the circuit attorney." The Supreme Court held that this amounted to no correction and the trial court should have rebuked the attorney·and directed the jury to disregard the remarks.

In the case at bar the defense counsel stated: "Now, we object to that and ask that be stricken and the jury instructed not to consider it." The court said, "Sustained." Defense counsel then asked for a mistrial and that the prosecuting attorney be reprimanded. We assume that requests for relief and rulings by the court were being made with some degree of rapidity as the court either misstated his position or was misunderstood by the reporter, as at one point he indicated a mistrial. However, it is clear that the court sustained the objection and ordered: "That remark is stricken." The court did not reprimand counsel nor grant a mistrial. In addition to State v. Clancy, supra, the defendant cites State v. Davis, supra, and State v. Taylor, supra, to support his first point. In all of these cases, the prosecuting attorney made repeated references to the improper matter involved, and further, in the *Clancy* and *Davis* cases, there was no evidence to justify the argument to any degree. State v. Taylor, supra, not only involved improper comments, applause and laughter by the audience, but the court either ignored or overruled the objections, thus compounding the prejudice.

Here we are dealing with a single reference to the defendant's demeanor. The court ordered the remark stricken, and the prosecuting attorney immediately dropped the matter and closed his argument in a proper manner. Under these circumstances we do not think the court abused its discretion in failing to either admonish counsel

or set forth with particularity the remarks to be stricken. For even if it be deemed improper, it does not follow that it was also prejudicial. See State v. Paxton, 453 S.W.2d 923 (Mo.1970); State v. Williams, 419 S.W.2d 49 (Mo.1967); and State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920 (1947). It must also be borne in mind that defense counsel merely objected, without giving his reasons therefor. Nor did counsel suggest to the court that his "striking the remarks" was inadequate at the time of the court's instruction. In State v. Johnigan, 494 S.W.2d 23 (Mo.1973), the defendant asked the court to instruct the jury for relief stating that it was improper for the prosecutor to say, without any proof, that the defendant will commit further crime. The defendant argued on appeal that the prosecutor was injecting his personal belief into the case. The court thereupon made the observation that "this was not the objection made at trial".

■ We observe only a general objection in this cause. A general objection, specifying no grounds, ordinarily constitutes no objection at all. An exception is made when the evidence offered is inadmissible for any purpose. See Basic Problems of Evidence by Edmund M. Morgan, Special Edition with Missouri Pocket Part by T. E. Lauer, MoBar CLE, and cases cited on page 28 of the Pocket Part. We conclude this point with the observation that the action of the trial court was sufficient in view of the objection made, and observing further only a single reference to a questionable argument.

## POINT II

■ Did the prosecuting attorney inject his personal opinion into the argument for the purpose of arousing bias, prejudice and hostility toward the defendant? It is recognized that a prosecuting attorney, in a criminal case, represents the people of the state, including the defendant, and it is his duty not to lay aside impartiality that

should characterize his conduct in order to become a heated partisan, and by vituperation and appeals to prejudice, seek a conviction at all hazards. See 53 Am.Jur., supra, at p. 406. However, we find no such conduct in this cause. Perhaps the most frequently cited case in this field in Missouri law is State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524 (banc 1947), and defendant refers to this case. In the Tiedt case, the prosecuting attorney repeated his objectionable arguments even though the objections to the argument were sustained. The case at bar falls within the exception mentioned by the court, 357 Mo. l. c. 122, 206 S.W.2d l. c. 528:

> "Consequently, we are not concerned with an instance of a single breach arising more or less spontaneously under the stress and excitement of contest. If such were the case, the court's first ruling would doubtless have served to divert the speaker, and to counteract the prejudice. [The court had sustained the objection and instructed the jury to disregard it.] But repeated and persistent indulgences of the character here involved, in flagrant disregard of the court's rulings, dispel any idea of inadvertence, and present the question of the cumulative effect of such improprieties, coupled with an erroneous ruling of approval."

In McGlathery v. State, 435 S.W.2d 677 (Mo.1969), the prosecutor used the term "I think" on several occasions and then arrived at a conclusion. The court held that this was just a method of introduction to what he wanted to say, and that he was not expressing a private belief of defendant's guilt or intimating he had information beyond that shown in the evidence. And, in State v. Moore, supra, even though the prosecutor's statements indicated it was his opinion that the accused was guilty, it was held permissible where it was apparent that this opinion was based on the evidence in the case.

█ We conclude that defendant's second point is without merit. The prosecutor made no attempt to violate the court's ruling by argument or repetition. There was nothing to suggest that the prosecutor had information beyond that shown in evidence, nor did he go outside the evidence to express a private belief of the guilt of the defendant.

## POINT III

The final point argued is that the court having failed to adequately eject the poison from the case, and as a result of the injection of the personal opinion of the prosecutor which gave rise to bias and prejudice against the defendant, a mistrial should have been ordered, and the court's failure to so instruct was prejudicial error.

█ The declaration of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. See State v. Raspberry, supra, and cases cited therein.

Having ruled that the trial court did not abuse its discretion in failing to admonish counsel, and that the court's ruling under the circumstances removed any poison which may have been injected by the comments of the prosecutor, it follows that the remarks were not prejudicial and the court did not err in refusing to declare a mistrial.

An examination of the record as required by Rule 28.02, V.A.M.R., discloses no error. The judgment is affirmed.

TITUS, C. J., and STONE, HOGAN and BILLINGS, JJ., concur.