**STATE of Missouri, Plaintiff-Respondent,**

v.

**Andrew STEVENSON,
Defendant-Appellant.**

**No. KCD 28616.**

Missouri Court of Appeals,
Kansas City District.

April 4, 1977.

Motion for Rehearing and/or Transfer
Denied May 2, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

DIXON, Judge.

Defendant was convicted under a three-count indictment of murder in the second degree on two counts and on one count of assault with intent to kill with malice. Punishment was fixed by the jury as life imprisonment on the two counts of second

degree murder and at 99 years on the assault charge. The defendant appeals these convictions claiming that the evidence was insufficient to identify the defendant, that the prosecution improperly used a prior statement of a State's witness and the impropriety of a clerk's entry erroneously entering a judgment of conviction of murder in the first degree as to Count I. A prior trial of this case resulted in a conviction, later reversed for error in the admission of a statement made by the defendant. See *State v. Stevenson*, 523 S.W.2d 349 (Mo. App.1975). The issue in that case required only a summary statement of fact. For the purpose of this appeal, the facts need further explication.

On March 8, 1973, Andrew Stevenson, Willie Ed Taylor, and Larry Wyatt drove to a liquor store in Wyatt's car. Taylor testified that the defendant, whom he had known all his life, had a .30 caliber revolver in his belt. The men picked up a fourth person, Earl Wright, and drove to the home of Patricia Russell. Taylor testified that he approached a blue car parked in front of the Russell home and asked if Patricia was at home and then Andrew Stevenson, according to this witness, came up and started shooting. Wyatt, the driver of the car, testified that he saw Taylor and the defendant approach the blue car, that he heard five shots but could not see who did the shooting. The defendant, when he returned to Wyatt's car, laid a gun on the console. Wright testified that he accompanied the other three to the home of Patricia Russell and was standing on the porch when a blue car pulled up in front of the house. He denied seeing Andrew Stevenson with a gun. After the shooting, an officer arrived and found a dead person in the front seat of a blue car, a wounded person in the back seat, and a wounded person on the pavement just south of the car. The latter two were still alive at the time, but one subsequently expired. There were bullet holes in the car, and the window was shattered on the right side. There were no weapons at the scene. An eye witness testified that she saw the shooting, but she could not identify the defendant.

Wyatt, Taylor, and Wright all knew the defendant, Andrew Stevenson, and testified to that effect. Only Taylor directly testified concerning the fact that Andrew Stevenson fired the shots which resulted ultimately in the death of two of the persons and the serious wounding of the third. Wright, Taylor, Stevenson and Wyatt, had all been drinking and had made conflicting statements concerning the events leading up to the shooting. The defendant took the stand out of the hearing of the jury and testified that he had agreed with his counsel it was in his best interest not to testify in the case. The case was submitted to the jury upon evidence of the State without any defense evidence, and the jury returned the verdicts as noted above.

■ Defendant makes as his first point the novel argument that the evidence does not reveal that Andrew Stevenson, the defendant in the case, was ever identified by any of the witnesses as *the* Andrew Stevenson who the witnesses said was carrying the gun and who Taylor said fired the shots. Defendant concedes that in his attack upon the evidence on this novel theory, the general rule applies that all substantial evidence supporting the verdict will be considered as true and all legitimate inferences will be indulged. *State v. Taylor,* 324 S.W.2d 643 (Mo.1959). Some reference is made to *State v. Sallee,* 436 S.W.2d 246, 249 (Mo.1969), a circumstantial evidence situation, but this case does not involve circumstantial evidence. The evidence of Andrew Stevenson's guilt is direct eye witness testimony. The thrust of the defendant's argument is that without a witness directing the jury's attention to the defendant and saying, "He is the Andrew Stevenson I know," there is no proof that the Andrew Stevenson who admittedly appeared at trial is the proper person to suffer punishment for the offense.

Bereft of substance, as this contention is, the vigor with which it was briefed and argued requires some answer. The defendant was arraigned and given allocution under the name Andrew Stevenson. That he was present throughout the trial is unques-

tioned. He testified out of the presence of the jury that he understood his right to testify in this case. He testified in the previous case. The transcript has been examined and there are numerous references to "this defendant" both by the State and defense counsel. Taylor was asked specifically if he "knew *the defendant* Andrew Stevenson," and he responded that he had known him all his life. Wyatt was then asked the same question and gave the same reply. There was no issue of identification. The entire tenor of the trial is such that no possible confusion could have occurred.

Because of the vehemence with which this issue was presented at the oral argument and in order to determine that the jury was aware of the defendant's identity, this court has ordered up a portion of the voir dire examination under Rule 81.12(c). The defendant had not requested the voir dire be included in the original transcript.

During voir dire, a general question concerning the panel having formed an opinion as to the guilt of "this defendant Andrew Stevenson" was directed by defense counsel. Then during the same line of inquiry, defense counsel asked if there was "anything" that would make it difficult to sit as a juror. A juror responded that he "had some contact with the defendant" and replied affirmatively that he "knew" the defendant. This juror then admitted his personal knowledge might affect his view of the evidence, and he was excused. Thus, the entire panel was apprised that "this defendant Andrew Stevenson" was present and was the person later referred to by the witnesses.

■ It is also true that upon identity of names being shown, identification of the person may be presumed. *State v. Jenkins,* 516 S.W.2d 522 (Mo.App.1974); *State v. Amos,* 490 S.W.2d 328 (Mo.App.1972); *State v. Reed,* 298 S.W.2d 426 (Mo.1957); *State v. Collins,* 394 S.W.2d 368 (Mo.1965). The point is without merit.

The defendant's claim of error in the use of a prior statement of the witness Wright is based on an erroneous assumption with respect to what actually occurred. When Wright was on the stand, he was questioned by the State as to the defendant having a gun. The witness stated he never did see the defendant with a gun. The State asked without objection whether the witness had made a statement to the police which the witness answered affirmatively. The prosecutor thereupon marked for identification the statement. Defense counsel out of hearing of the jury objected, and the prosecutor asserted he was going to attempt to refresh the recollection of the witness. The State then properly inquired of the witness if reading the statement he had admitted making would refresh his recollection. The witness conceded it might and the *witness* examined the statement. The question was then repeated as to the witness's observation of the defendant's possession of a gun. The witness denied seeing a gun at any time. The State then, out of the hearing of the jury, asked to attempt impeachment. The defense objected, and the court took an overnight recess. The State abandoned the attempt to impeach, and no questions were asked of his witness when the trial resumed the next day that related to this issue.

What has been recited as to what occurred at trial makes inapposite the cases cited by the defendant where the *jury* was permitted to read or had read to it a prior statement by a witness for the State.

■ The procedure here of having the witness identify the statement and then examine it to see if it would refresh his recollection is proper and within the rule set forth in *State v. Renfro,* 408 S.W.2d 57 (Mo.1966) and *State v. Patton,* 255 Mo. 245, 164 S.W. 223 (1914).

■ As to the claim of error arising from the erroneous entry by the clerk, the record has been corrected by an appropriate nunc pro tunc order. The trial court upon the record made at the time of pronouncing sentence and affording allocution correctly recited the verdict and judgment and the entry of a judgment of conviction of first degree murder was a simple clerical error by the clerk. The court clearly had the power to enter nunc pro tunc the correct

and proper judgment in accordance with the verdict of the jury. *Cruces v. State,* 452 S.W.2d 180 (Mo.1970).

Judgment affirmed.

All concur.