STATE of Missouri,
Plaintiff-Respondent,

v.

Anthony THERMAN,
Defendant-Appellant.

No. 10846.

Missouri Court of Appeals,
Southern District,
Division Two.

March 14, 1980.

Motion for Rehearing and Transfer
Denied March 28, 1980.

John D. Ashcroft, Atty. Gen., Kathryn Marie Krause, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Sandra L. Skinner, Budd & Skinner, Springfield, for defendant-appellant.

BILLINGS, Presiding Judge.

A Greene County jury found defendant Anthony Therman guilty of passing a "hot check" in violation of § 561.460, RSMo 1969, and set his punishment at three years imprisonment. He contends the evidence was not sufficient to support the jury's verdict and claims the state committed reversible error in its argument of the case. We affirm.

Because of defendant's challenge to the sufficiency of the evidence, we recast the evidence and all inferences reasonably drawn therefrom in the light most favorable to the verdict. Evidence and inferences to the contrary are disregarded. *State v. Longmeyer*, 566 S.W.2d 496 (Mo.App.1978).

Defendant took his car to a Springfield garage and authorized various repairs, including a motor overhaul. A rebuilt motor was installed and defendant was notified the garage needed some money to pay the supplier of the rebuilt motor. On November 2, 1976, defendant went to the garage and gave a check for $440. All of the work on the car had not been completed and defendant was to return the following day to pay the balance owing and pick up his car. At his request the garage loaned him a motor vehicle.

On November 3, 1976, the check was presented to the drawee bank but payment was refused because of insufficient funds in the account. On November 9, 1976, the check was again presented for payment but was not paid and stamped "account closed."

About two weeks later defendant talked to the garage owner by telephone and inquired about picking up his car. The defendant told the garageman he had just gotten out of jail and inquired about his car. He asked if he could pay the bill with diamonds. Sometime between November 9 and this telephone conversation, the loaned vehicle had been picked up by the garage at a policeman's house in Grandview, Missouri.

The account upon which the check was drawn was in the names of "Anthony or Peggy Therman," followed by a single address and telephone number. The account had been opened July 9, 1976, and the last deposit made October 8, 1976. The account was "zero balance" on October 30, 1976, and 18 checks presented thereafter had been dishonored by the bank. At trial defendant stipulated that on November 2, 1976, there were insufficient funds in the account to pay the subject check.

The information charged defendant with feloniously procuring service on his car by means of the bad check. He claims in this appeal the evidence did not show he procured anything by means of the check. As the facts, supra, demonstrate defendant did in fact procure service, consisting of labor and parts. This service is, in our view, a "thing of value" which is mentioned in § 561.460 and we find no merit in defendant's contention. *State v. Kaufman*, 308 S.W.2d 333 (Mo.App.1957).

In defendant's argument to the jury we find the following:

"There are two people on this account. Who wrote those 50 checks?[1] We don't know. We have one here. That's the only one. The state has the power of subpoena. They can subpoena anybody they want."

In reply to this argument the prosecutor said:

"[J]ust like I have the access of the power of this Court to subpoena witnesses, so does Mr. Strecker. [defendant's

[1] There was evidence that 50 checks had been dishonored by the bank between July 9 and November 9, 1976.

attorney]. He can subpoena anyone he wants to to [sic] come in here and testify. I cannot put the defendant's wife on the stand if he has a wife. I can't call her to testify. He is the only one who can—."

The defendant objected and moved for a mistrial. The court sustained the objection and denied the request for a mistrial. Defendant avers his mistrial motion should have been granted because of the state's argument "that the Defendant's wife had failed to give evidence in the cause."

No evidence was offered on behalf of the defendant and the transcript reveals no clue as to the relationship between defendant and the Peggy Therman shown on the bank account, contrary to defendant's statement in his brief that "The jury was aware that the defendant did have a wife." Nevertheless, defendant's argument assumes Peggy Therman as his wife and that the prosecutor's remarks violate § 546.270, RSMo 1969, and Rule 26.08, V.A.M.R. (now Rule 27.05, V.A.M.R.), both of which forbid reference to the failure of a defendant or his wife to testify.

■ Direct and pointed references to the failure of the wife of the defendant to testify does constitute reversible error in Missouri. *State v. Wyatt*, 276 S.W.2d 86 (Mo.1955). However, here there is no showing defendant has a wife, as is evident from the equivocal nature of the prosecutor's remark. Furthermore, the remark was made in retaliation to defendant's argument about the state's failure to call the other person shown on the account. We do not believe, under the circumstances, that the remark complained of constituted a direct and certain reference to the failure of the defendant's wife to testify in his behalf, and defendant may not provoke a reply to his own argument and then assert error. *State v. Kirksey*, 528 S.W.2d 536 (Mo.App. 1975).

■ Defendant's remaining point refers to another portion of the state's closing argument wherein the prosecutor, after discussing the evidence relative to defendant's giving the garage the check and borrowing a "loaner" vehicle said:

"The next thing we know, about three weeks later that car turns up in Kansas City. Mr. Therman has been arrested by the Grandview Police Department and—." Defendant's objection was sustained, at his request the jury was instructed to disregard the argument, but his motion for a mistrial was denied.

There was evidence that defendant did not return the borrowed vehicle; that the vehicle was picked up by a garage employee at a police officer's residence at Grandview about two or three weeks after defendant gave the check; and, that, without objection, the garage owner testified the defendant telephoned him about three weeks after November 2 and said he had "just got out of jail."

In *State v. Wintjen*, 500 S.W.2d 39 (Mo. App.1973), this court stated:

" 'Whether or not the remarks of counsel are improper, and whether or not improper remarks are prejudicial under the facts of the particular case and necessitate a reprimand of counsel or a discharge of the jury are matters which rest very largely within the trial court's discretion, and the appellate court will not interfere unless the record shows an abuse of such discretion to the appellant's prejudice. [Omitting cases].' " 500 S.W.2d at 42.

We find no error in the court's failure to grant a mistrial. The judgment is affirmed.

All concur.