STATE of Missouri,
Plaintiff-Respondent,

v.

Alpha JACKSON, Defendant-Appellant.

No. 45488.

Missouri Court of Appeals,
Eastern District,
Division 1.

Jan. 3, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Feb. 17, 1984.

Application to Transfer Denied
March 20, 1984.

Henry B. Robertson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Sandra K. Stratton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was found guilty by a jury, convicted of forcible rape, § 566.030 RSMo. 1978, and sentenced to a term of eight years in the custody of the Department of Corrections. The judgment is affirmed.

Two issues are raised on appeal. Appellant charges the trial court erred in denying his motion for a new trial on the grounds of prosecutorial misconduct. He also maintains it was error to deny his motion for a

new trial because the prosecution sought to use the alleged rape of the victim's aunt, for which appellant had been tried and acquitted, as evidence of his guilt in the case under review.

The victim was appellant's stepdaughter. Appellant and the victim's mother were separated and lived in separate residences at the time of the rape. The victim lived with her mother, her grandmother and her mother's sister, the aunt who testified as a witness, and who had some eight or ten years before been the victim of a rape for which the appellant was tried and acquitted.

On the day of the crime, appellant drove the 12 year old victim home from school. After appellant dropped her off at home she walked to a friend's house to return a jump rope. Appellant then drove up in his car, told the victim to get in and drove to appellant's apartment where the rape occurred. Appellant threatened to kill the victim if she told anyone. The victim testified that it had happened once before, but she had not told anyone about it because appellant had also threatened to kill her at that time.

After the rape appellant drove the victim home where the victim's aunt noticed that victim's eyes were red, that "she was really shakey and jittery," and that she was holding her stomach and head. The aunt asked the victim what was wrong and received evasive answers. The aunt then asked directly whether appellant had raped the victim and the victim said he had.

On cross-examination, the following exchange occurred between the victim and defense counsel:

"Q: Did you testify that your sister—Aunt Sandra told you that she knew Alpha would do something like this to you?

A: Yes.

Q: Did she tell you that he had raped her too?

A: Yes.

Q: You know there was a trial that Alpha was found not guilty, didn't you?

A: Yes."

The prosecutor questioned the aunt about the circumstances of the prior rape on direct examination. No objection was made by defense counsel. The victim's mother was questioned about the rape, and defense counsel's objections were overruled. When the defense counsel questioned the appellant, appellant indicated that he had been accused of rape by the aunt. On cross-examination, the prosecutor asked additional questions about the rape. The rape of the aunt was also mentioned in the closing arguments of both the prosecution and the defense.

Appellant's defense was alibi. Both appellant and a friend testified that they were together at various other places during the time the rape took place, alibi evidence which the jury obviously did not believe.

Numerous heated exchanges between the lawyers occurred during the trial relating to objections and remarks made in closing argument.

In appellant's first point he contends the trial court erred in denying his motion for a new trial because the prosecuting attorney, "repeatedly and persistently, despite numerous sustained objections, indulged in statements and arguments calculated to inflame the jury and prejudice appellant." The point is denied.

A prosecuting attorney in a criminal case represents the people of the state. It is his duty to be impartial, and to refrain from conduct that causes him to be a heated partisan who by vituperation and appeals to prejudice, seeks a conviction at all cost. *State v. Wintjen,* 500 S.W.2d 39, 43–44[8] (Mo.App.1973). A prosecutor's obligation is not simply to obtain a conviction but to see that justice is done and that the accused gets a fair and impartial trial. *State v. Hicks,* 535 S.W.2d 308, 311[1–3] (Mo.App.1976). However, "[w]hether or not the remarks of counsel are improper, and whether or not improper remarks are

prejudicial under the facts of a particular case and necessitate a reprimand of counsel or discharge of the jury are matters which rest very largely within the trial court's discretion, and the appellate court will not interfere unless the record shows an abuse of such discretion to the appellant's prejudice." *State v. Wintjen, supra* at 42.

It is unnecessary to discuss in detail the incidents at trial about which appellant complains. As appellant admits in his brief, defense counsel was partly responsible for the rancor engendered during trial. In two of the incidents complained of, appellant's objections were sustained and the jury instructed to disregard the evidence. In four other instances, the trial court sustained appellant's objection and no further relief was requested. "When a defendant, as here, receives all of the relief he asks, no error results, and the trial court's rulings and admonitions obviate any prejudicial error." *State v. Wendell,* 542 S.W.2d 339, 342[7, 8] (Mo.App.1976).

In another incident complained of by appellant, defense counsel improperly asked appellant whether he offered to take a polygraph test, and then complained that the prosecutor said during her objection, "[f]or all they know, he took it." The defense argued that the prosecutor was injecting matters into evidence by suggesting that appellant would fail a polygraph test. An accused's offer or professed willingness, or his unwillingness, to submit to a polygraph examination, as well as the results of such an examination, are inadmissible as evidence. *State v. Biddle,* 599 S.W.2d 182, 185[1] (Mo. banc 1980). Here, both the question by defense counsel and the comment by the prosecutor were improper. Both sides were at fault. However, since the court instructed the jury to disregard the polygraph "evidence," there was no error. *See State v. Davison,* 601 S.W.2d 623, 627[2] (Mo.1980).

Defense counsel made numerous objections during closing argument. All of them were overruled. Appellant argues that those objections should have been sustained. However, the trial court is given wide discretion in the control of jury arguments. *State v. Moomey,* 581 S.W.2d 899, 903[6–8] (Mo.App.1979). When the conduct of both counsel during the trial and closing arguments are considered, the remarks of the prosecutor were within the wide latitude permitted in closing arguments. *See State v. Newlon,* 627 S.W.2d 606, 616[12–14] (Mo. banc 1982).

After a thorough examination of the transcript, this court concludes that the incidents complained of did not support appellant's charge of prosecutorial misconduct. The motion for new trial on that ground was properly denied.

In appellant's second point he contends that the trial court erred in denying his motion for a new trial because the prosecuting attorney, in examining witnesses and in closing argument, sought to use the alleged rape of the victim's aunt by appellant as evidence of his guilt in the present case, this in violation of his right to be tried only for the offense with which he was charged. This point, too, is denied.

Appellant admits that he failed to preserve this point in his motion for a new trial and therefore requests the court to review it on a plain error basis under Rule 29.12(b).

"An appellate court may review an issue under the plain error rule if it finds that 'manifest injustice or miscarriage of justice has resulted.' Rule 29.12(b). However, this rule is not to be routinely invoked, should be used sparingly, and is limited to causes in which there is a strong, clear showing of manifest injustice." *State v. Sammons,* 640 S.W.2d 488, 490[3, 4] (Mo.App.1982).

The first reference to the alleged rape of the aunt was made by defense counsel on cross-examination of the victim, when she asked, "Did she (the aunt) tell you that he (appellant) had raped her too?" The victim replied affirmatively. Defense counsel then asked, "You knew there was a trial that Alpha was found not guilty, didn't you?" The victim again responded in the affirmative. The questions were apparently aimed at impeaching the aunt by show-

ing she had a motive for encouraging the victim to accuse the appellant of the rape.

The prosecutor then questioned the aunt and the victim's mother, on direct examination, about the circumstances surrounding the alleged rape and the resulting trial. No objection was made by defense counsel during the examination of aunt, and the objection made to the questions during the mother's testimony was overruled. Appellant testified in direct examination that he had no prior convictions. He also stated that the aunt did not like him and he couldn't understand why she would accuse him of raping her. On cross-examination, the prosecutor asked the appellant additional questions about the alleged rape. In closing arguments, the incident was mentioned by both defense counsel and the prosecution.

■ "It is a well settled rule ... that, where either party introduces part of an act, occurrence, or transaction ... the opposing party is entitled to introduce or to inquire into other parts of the whole thereof, in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary, or prove his version with reference thereto.... This rule is held to apply ... even though the evidence was in the first place illegal." *State v. Odom,* 353 S.W.2d 708, 711 (Mo.1962), citing 22A C.J.S. *Criminal Law* § 660c, pp. 655–658. Thus, even though the evidence in question may have been inadmissible if introduced as part of the state's case-in-chief, once the defense "opened the door," the state was allowed to further pursue the matter.

Appellant argues that *State v. Odom, supra,* is inapplicable here, and cites to *State v. Guye,* 299 Mo. 348, 252 S.W. 955 (1923) in support of his contention that there was plain error. The facts in *State v. Guye* are distinguishable. There was no manifest injustice.

The judgment is affirmed.

KELLY, P.J., and STEWART, J., concur.