STATE of Missouri, Respondent,

v.

Karl Harlan TAYLOR, Appellant.

No. 50632.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 24, 1987.

Motion for Rehearing and/or Transfer
Denied April 15, 1987.

Application to Transfer Denied
May 19, 1987.

Shawn A. Goulet, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Colby Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Karl Harlan Taylor, defendant, was convicted by a jury of forcible rape, § 566.030, RSMo 1978. Defendant was found to be a persistent offender and was sentenced to thirty five years' imprisonment. On appeal, defendant claims that: the trial court erred in failing to strike for cause three members of the venire; the state violated provisions of the Rape Shield Statute in its introduction of certain evidence; and the prosecutor's conduct during closing argument constituted error. Finding no reversible error, we affirm.

The evidence, viewed in the light most favorable to the verdict, disclosed that on November 22, 1984, Thanksgiving Day, defendant was on furlough from prison and went to the victim's home to bring her a letter from Lonell Williams, a mutual friend who was also in prison. Defendant had similarly delivered a letter from Williams to the victim approximately one month earlier. In response to Williams' first letter, the victim had given defendant cash to take back to Williams. When defendant appeared on November 22, 1984, the victim invited him into her apartment and offered to include him in her family's Thanksgiving dinner. Defendant declined the dinner offer, but stayed to visit. The victim's two children were present and defendant played with her son. Defendant and the victim sat on opposite ends of a "loveseat" couch, which was described as larger than the typical two-cushion love-

seat. Defendant and the victim consumed alcohol as they visited.

According to the victim, she went to the bathroom and was accosted by defendant as she came out. He pushed her into the bedroom, choked her, and threatened to kill her if she did not do as told. Defendant and the victim fell from the bed onto the floor. He removed her blouse, ordered her to remove her pants, threw her back on the bed and raped her. The victim testified that the phone rang during the rape, but defendant refused to let her answer, and that she heard her son knocking at the apartment door. She also testified that she had not locked the apartment door and had told her children to remain inside, in an effort to keep them clean for the upcoming family dinner.

Defendant fled, following the rape, and the victim called her friend, Janice, who came over immediately. Janice testified that the victim was hysterical. Janice also testified that she had telephoned the victim shortly before the victim called her, but that no one had answered. The victim then phoned the police who arrived soon thereafter. Defendant's wallet was recovered from the bedroom. The victim was transported by the police to the hospital and underwent a rape examination which supported her statement of the facts. The exam also showed that the victim was four months pregnant at the time of the rape.

Defendant testified that the victim flirted with him during his visit. He stated that she had no money to send back to Williams and defendant offered her twenty dollars, which he would give to Williams, in exchange for sex. Defendant further testified that he never intended to pay her and, after having sex called the victim a "lousy" woman for having agreed to his proposition. Defendant denied fleeing the scene or locking the children out of the apartment. Defendant's theory was that the victim consented to having sex, but then became angry and retaliatory when defendant refused to pay her and informed her that he planned to tell Williams of her behavior.

■ In his first point on appeal, defendant contends that the trial court erred in not declaring a mistrial after the prosecutor announced to the jury that the state would *nolle prosequi* Count II of the indictment, the sodomy charge. The statement in question is as follows:

[Prosecutor]: .... At this time, the State would file its motion of dismissal as to Count II of the indictment, sodomy, based upon a technicality, a legal technicality, and the State intends to reissue a different charge at a later time.

Defense counsel's objection to the statement was sustained. The trial court immediately issued a cautionary instruction to the jury to disregard the prosecutor's remarks concerning the legal technicality and reissuance of a different charge. Defense counsel also moved for a mistrial, which was denied.

Defendant argues that the court's response to the prosecutor's statement compromised its own impartiality in that its failure to grant a mistrial gave the jury the impression that it approved of the state's act and argument. Further, defendant alleges that the prosecutor's comment impermissibly placed a false issue before the jury, argued a question of law, and explained a point of substantive law.

It is settled law that counsel "should not argue questions of law, present false issues, or explain substantive law." *State v. Williams*, 588 S.W.2d 70, 74 (Mo.App., E.D. 1979). We do not find the application of this rule applicable in this case. First, the prosecutor's statement was that the state intended to "reissue a *different* charge at a later time" (emphasis added). Defendant's contention that the remark concerned the reissuance of the sodomy charge is erroneous and cannot support the charge of placing a false issue before the jury. Secondly, the trial court has broad discretion in controlling statements made during jury argument and in determining whether statements are prejudicial to defendant. *State v. Jackson*, 664 S.W.2d 583, 585 (Mo.App., E.D.1984). The ruling of the trial court will not be reversed absent an abuse of discretion. *State v. Jackson*, 664 S.W.2d at

584–85, quoting *State v. Wintjen*, 500 S.W.2d 39, 42 (Mo.App., S.D.1973). In the present case, the prosecutor's remarks arguably extended beyond the proper bounds of conduct. Even so, a reversal is not mandatory where a prosecutor exceeds the limits of proper argument. *State v. Huston*, 599 S.W.2d 69, 71 (Mo.App., E.D. 1980). The court's immediate, cautionary, and admonishing instruction to the jury to disregard the prosecutor's statement sufficiently removed any possibility of prejudice to defendant. It also sufficiently asserted the court's own impartiality. *State v. Cannady*, 660 S.W.2d 33, 40 (Mo.App., E.D. 1983). Consequently, this point is denied.

■ Defendant's second point alleges that the state introduced evidence of the victim's prior sexual conduct in violation of the Rape Shield Statute, § 491.015, RSMo 1978. Specifically, defendant argues that the prosecutor violated the statute by describing the victim as a good and giving person.

Initially, we note that defendant failed to object to these remarks during trial and, therefore, failed to preserve the issue for our review. We examine for plain error under Rule 30.20 and find none. A review of the record leads to the conclusion that the prosecutor's remarks did not violate the statute because they permissibly addressed the issue of the victim's credibility and not her prior sexual conduct. *State v. Harp*, 680 S.W.2d 297, 300 (Mo.App., E.D.1984); *State v. James*, 672 S.W.2d 735, 738 (Mo. App., E.D.1984). This point is denied.

■ Defendant contends in his third point that the trial court erred in not sustaining his motion to strike for cause three members of the venire. At the time of the rape, defendant was released from prison as part of the State of Missouri Furlough Program. Defendant argues that, since these venirepersons held negative views of the Furlough Program, they could not be fair and impartial jurors.

The trial court is in the best position to assess the qualifications of prospective jurors and its ruling will not be overturned absent an abuse of discretion. *State v. Wolff*, 701 S.W.2d 777, 778 (Mo.App., E.D. 1985). In the present case, the record reveals that two of the three venirepersons were questioned as to their ability to fairly and impartially judge the defendant solely on the basis of the evidence presented. Each responded unequivocally that they could do so. The third member of the venire merely expressed his disapproval of the Furlough Program. Of greater significance is the fact that the charge against defendant was neither connected to nor based on his participation in the Furlough Program. Finding no abuse of the trial court's discretion, this point is denied.

The fourth point on appeal finds error in the prosecutor's remark, during closing argument, that defendant failed to call Lonell Williams to testify. Defendant claims that the remark was improper because a party may not comment on, or draw an adverse inference from, the failure of the other party to call a witness who is equally available to both parties. *State v. Moore*, 620 S.W.2d 370, 374 (Mo. banc 1981), quoting *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 649 (1942).

■ Defendant has failed to preserve this issue for review. Under the plain error rule, we may examine the record to determine whether manifest injustice or miscarriage of justice has occurred with regard to defendant's substantial rights. Rule 30.20. It appears from the record that no plain error occurred. The prosecutor offered his remark in response to defense counsel's argument.[1] A prosecutor may exceed the normally recognized limits of closing argument in retaliation to the defense argument. *State v. Carter*, 689 S.W.2d 780, 782 (Mo.App., E.D.1985); *State v. James*, 672 S.W.2d 735, 737 (Mo.App., E.D.1984). Defendant has failed to show

---

**1.** Defense counsel's closing argument was not made a part of the transcript filed on appeal. The prosecutor's remark occurred during the rebuttal portion of his closing argument, and was as follows: "There's no evidence whatsoev-

er that he's her boyfriend. If there was, you'd hear about it because he would have subpoenaed him and brought him in here to testify to you."

how the prosecutor's remark caused the burden of proof to shift onto him or resulted in any prejudice. We conclude that the prosecutor acted within the bounds of retaliatory, closing argument.[2] Point denied.

■ Defendant's fifth and final point also concerns the prosecutor's closing argument and alleges that the reference to the grand jury compromised the court's impartiality. The prosecutor stated:

[Prosecutor]: Is [the victim] sharp enough or devious enough to lie to her best friend right after the rape, is she sharp enough and devious enough to lie to the police right after the rape? Is she sharp enough and devious enough and cunning to act out this hysteria that Janice Rideout told you about, crying, the shaking? Is she devious and cunning to act that out for the police officer, Detective Leonard Reinhardt, who told you when she had to tell her story again, she started crying again? Is she a devious and cunning person? *Is she capable of lying to the grand jury about this?* And finally is she capable of lying to you about this, to you, fourteen people in this courtroom after she took an oath to tell the truth; not only lying, but then yelling rape, sending an innocent man to the penitentiary? What kind of horrible, horrible person that must be? Is that your judgment of [the victim]? Because if you find the defendant not guilty, that's the message you send out. (Emphasis added.)

Once again, defendant failed to object and has not preserved the issue for our review. Relief under the plain error rule is available only where errors in closing argument have a decisive effect on the jury. *State v. Cannady*, 660 S.W.2d 33, 39 (Mo. App., E.D.1983). Taken in the context of the prosecutor's argument, the remark is clearly within the limits of closing argument, since the character and credibility of the victim was in issue by virtue of defend-

ant's consent defense. Defendant's reliance on *State v. Williams*, 646 S.W.2d 107 (Mo. banc 1983) is misplaced. In *Williams*, the prosecutor directly referred three times, twice over objections, to the trial judge in a manner that suggested the judge's belief in the defendant's guilt. *Williams*, 646 S.W.2d at 109. Such direct comments about the trial judge do impugn the impartiality of the trial court and cannot be permitted. In the instant case, however, the single, cursory reference to the grand jury neither compromised the court's impartiality nor had a decisive effect on the jury. Point denied.

The judgment of the trial court is affirmed.

STEPHAN and SATZ, JJ., concur.

---

**2.** The prosecutor's remark can also be characterized as responsive to defendant's theory that the victim had sex with him either as a favor to her "boyfriend," Williams, or to get Williams money. Such an argument would logically make Williams more available as a witness to

defendant, since he would have knowledge of the arrangement, he and defendant were friends and prison-mates, and Williams and defendant shared a community of interest. See *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981).