**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Charles GREEN, Defendant-Appellant.**

**No. 40927.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 8, 1980.

Richard A. Fredman, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

This appeal is from a jury verdict finding the defendant guilty of two counts of stealing a motor vehicle. He was sentenced to two consecutive one year terms in the St. Louis Medium Security Institution.

On appeal, defendant raised only one Point Relied On. Defendant contends the trial court abused its discretion in overruling defendant's motion to suppress evidence and allowing the prosecution to play a videotape in which the defendant was depicted fencing the stolen automobiles. The jury was allowed to view the videotape three times. Defendant asserts that the repeated showing of the tape to the jury resulted in a denial of a fair trial in that it improperly emphasized this evidence and caused a cumulative and prejudicial impact upon the jury.

The state presented evidence at trial that consisted primarily of the videotape and testimony which explained and substantiated it. This evidence was acquired through an undercover fencing operation conducted by the Federal Bureau of Investigation and other authorities at 1831 Chouteau, in the City of St. Louis, during June 1977. The FBI videotaped all fencing transactions that occurred during the undercover operation. The defendant was videotaped during one transaction in which he fenced stolen automobiles.

Defendant filed a pretrial motion challenging the admissibility of the videotape and the frequency of the showing of the videotape to the jury. Defendant's motion was denied on both points. At trial defendant made a continuing objection to the admission of the tapes into evidence.

The videotape was first viewed in conjunction with the state's first witness, an FBI special agent who was the main technician and cameraman for the undercover operation. Using a chart, he explained to the jury, the physical and technical set up of the operation and illustrated how the tape was made. The tape was viewed by the jury. The FBI agent testified that it was a true and accurate representation of the fencing transaction. The jury saw the same videotape two more times, once when it was shown to Officer McNabb and again when it was shown to Officer Sisco. The officers identified the tape as a true and accurate representation of the events as they occurred. The state then rested its case.

Defendant concedes that the videotape depicts the crimes charged and connects him with the crime and was therefore properly admitted into evidence. He contends, however, that the showing of the videotape twice more to the jury was prejudicially cumulative.

 Cumulative evidence is additional evidence of the same kind tending to prove the same point as other evidence already admitted. *State v. McCabe,* 512 S.W.2d 442, 444 (Mo.App. 1974). Evidence of a different kind or of different circumstances tending to establish or disprove the same fact is not cumulative, nor is circumstantial evidence tending to prove a fact cumulative of evidence which tends to directly establish the same fact. *Neeley v. Kansas City Public Service Co.,* 252 S.W.2d 88, 93 (Mo.App. 1952); *State v. Harris,* 64 S.W.2d 256, 258 (Mo. 1933). The testimony and viewing of the videotape by Officers Sisco and McNabb was cumulative. It was additional evidence

of the same kind tending to prove the same point as the first viewing of the videotape by the FBI agent.

The complaint is directed against the admission of demonstrative evidence. Demonstrative evidence is generally admissible if it tends to connect the accused with the crime or throw any relevant light upon a material matter at issue. *State v. Ward,* 569 S.W.2d 341, 345 (Mo.App. 1978). Admissibility of demonstrative evidence is a matter resting primarily within the wide discretion of the trial court. *State v. Brown,* 524 S.W.2d 188, 190 (Mo.App. 1975). Even if evidence is cumulative, that alone is not sufficient to exclude its admission. *State v. Tompkins,* 277 S.W.2d 587, 591 (Mo. 1955). While this discretion should be cautiously exercised, we find no abuse of discretion here.

Defendant argues that the repeated showing of the videotape improperly emphasized this evidence. This argument was rejected in *State v. Herring,* 502 S.W.2d 405 (Mo.App. 1973), where it was pointed out that the trial court was vested with discretion in admitting cumulative evidence, especially where it bears upon an important issue in the case. *Id.* at 410. The trial judge did not abuse his discretion in denying defendant's pretrial motion overruling his trial objections. The videotape's probative value outweighed any cumulative effect on the jury.

When two or more witnesses testify about exhibits it may be necessary for these exhibits to appear before the jury more than once. *State v. Tompkins, supra* at 591. In *Tompkins* two police officers were present when the defendant, in a rape case, disrobed after he was arrested. Both officers marked the clothing exhibits with their initials. At trial one officer identified the articles of clothing. The second officer took the witness stand and was asked if he was present when the defendant disrobed. The defendant objected to the question on the grounds that it was an unnecessary parading of the evidence. The court overruled the objection stating that the evidence although cumulative tended to prove the state's case. *Id.* at 591. We think such is true of the present case. While the first viewing of the tape and the subsequent identification of the vehicle shown in the tape sufficiently established the facts and any subsequent showing of the tape was cumulative evidence, the facts still remained in dispute. The subsequent testimony of the two officers involved in the operation served to bolster the videotape's credibility. Furthermore, the state should not be unduly limited in the quantum of proof presented because it has the burden of proving guilt beyond a reasonable doubt. *State v. Macone,* 585 S.W.2d 64, 68. (Mo. App. 1979).

We hold that the showing of the videotape to the jury three times did not deny the defendant a fair trial. Objections involving improper emphasis and cumulative prejudicial impact of evidence carry less weight when the court has wide discretion in determining the admissibility of evidence and determines the evidence to be relevant to a material issue in the case.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.