**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Tyrone NELSON, Defendant-Appellant.**

**No. 46212.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 17, 1984.

Application to Transfer Denied
Feb. 15, 1984.

**350**

Joseph W. Downey, Public Defender, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

A jury found defendant Tyrone Nelson guilty of armed robbery. The court sentenced him as a prior felon to 15 years in prison. He appeals; we affirm.

Here defendant's sole point: The robbery victim had testified on cross-examination that during the robbery defendant held a pistol in his *left hand;* that defendant was *right-handed;* therefore the court erred in declining to receive in evidence an irrelevant document defendant had written with his *right hand* during the trial.

The state contends no reversible error because: The evidence showed the victim clearly identified the armed defendant as the robber; that the defendant's evidence of his right-handedness did not refute the victim's testimony that during the robbery defendant held the weapon in his left hand; that defendant's claim of right-handedness was cumulative in that three defense witnesses had so testified.

Here, defendant relies on *State v. Boyington,* 544 S.W.2d 300, [12, 13] (Mo.App. 1976). It holds admissibility of business records is subject to the trial court's discretion. Conceding, for the sake of argument, that defendant's offered memorandum was akin to a business record its rejection was discretionary. No error here. Other cited handwriting cases have been studied and found irrelevant to defendant's claim of error.

The state points out the defendant's rejected proffer of his right-handedness was cumulative. This because three defense witnesses had already testified defendant was right-handed. "Evidence is cumulative when the fact is 'fully and properly proved by other testimony' so as to take it out of the area of serious dispute." *State v. Ralls,* 583 S.W.2d 289 [6–8] (Mo.App.1979).

And, the alleged error was harmless. The jury had no doubt seen defendant writing the challenged document with his right hand. Further the state's evidence of defendant being the robber was overwhelming.

We deny defendant's only point relied on. Affirmed.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.