**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Willie JAMES, Defendant-Appellant.**

**No. 47484.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

Karl F. Lang, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant appeals from a jury conviction of forcible rape. Defendant asserts that the prosecutor's comments in voir dire and in rebuttal closing argument concerning the complaining witness were improper because they were inflammatory, prejudicial and appealed to the passions of the jury.

This appeal does not question the sufficiency of the evidence. The evidence supports a finding by the jury of the following facts. The complaining witness had lived for several months with a friend and her family. On the night in question the girls arranged a double date with appellant and another. The couples purchased some food at a restaurant and some liquor. They went to defendant's home. Complainant and defendant remained in the living room watching television and the other couple went to a bedroom. Defendant made several advances which the complainant resisted. Defendant then struck complainant, attempted to strangle her, pushed her down to the basement and forced her to have intercourse with him. Complainant claims she called for help. Because of the volume of a stereo her calls may not have been heard. Complainant claimed that a second assault occurred. Defendant and complainant were again in the living room when the other couple returned. When the men returned the women to their home complainant kissed defendant and said goodnight. Some time that evening or early morning she informed her friend of these events. Because her friend refused the use of a telephone she went to a neighboring business to call the police. A medical examination supported complainant's statement of these facts.

During voir dire the prosecuting attorney asked, "Now is there anybody here who has any children who are either retarded or emotionally disturbed?" Defense attor-

ney's objection to the question was over-ruled. Out of the hearing of the jury the defense attorney objected on the grounds of relevance. The trial court judge permitted the question but limited further questioning on the topic to whether having a retarded relative would affect their ability to make a fair determination.

In the second half of his closing argument the prosecutor, in response to defendant's argument attacking the character of both of the girls referred to them as "two girls, simple-minded girls." No objection was made to this argument. Later, while reviewing the complainant's testimony the prosecutor referred to both of the girls and defendant's male companion as "simple folks." Defendant asserts that these two comments combined with the voir dire question inferred to the jury that the defendant took unfair advantage of a mentally retarded complainant. He asserts that such an inference referring to facts not in evidence denied him a fair trial on the charge of forcible rape because the passions of the jury were thereby inflammed. The theory of the defense was consent.

■ The trial court possesses broad discretion in the conduct of voir dire and the propriety of questions. *State v. Holland*, 653 S.W.2d 670, 678 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 495, 78 L.Ed.2d 689. A reviewing court will not interfere unless there has been an abuse of trial court discretion, *State v. Williams*, 659 S.W.2d 298, 300 (Mo.App.1983), resulting in injury to the complaining party. *State v. Abbott*, 654 S.W.2d 260, 274 (Mo. App.1983). Here the prosecuting attorney asked a general question concerning panelist familiarity with retarded or emotionally disturbed people. No reference was made to the complaining witness. Out of the hearing of the jury the defense attorney objected that the state had never indicated that they would show that the complaining witness was retarded. The judge limited the scope of the questions in this area to whether the panelist could make a fair determination. The connection between retardation or emotional disturbance and the

complaining witness was not made by the question. This is true whether or not the state intended to offer evidence that the complainant was mentally handicapped. The question may have applied to the complainant or any other possible witness. The defendant has therefore failed to prove any prejudice from the question.

■ Defendant also maintains that two separate comments by the prosecuting attorney during the second half of closing argument were prejudicial. The first comment, that complainant and her girlfriend were "two girls, simple-minded girls," was not followed by an objection. Thus the point was not preserved for review. *State v. Martin*, 484 S.W.2d 179, 180 (Mo.1972). We examine for plain error and find none. Further, the statement was invited by the defense attorney's derogatory characterization of the friendship of the complaining witness and her girlfriend. Prosecutors are permitted to make comments in retaliation to defendant's arguments. *State v. Wood*, 596 S.W.2d 394, 403 (Mo. banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

■ At trial defendant maintained that complainant had consented to the act of intercourse. Defendant asserts that calling the two girls simple-minded had prejudicial effect on the jury's determination of lack of consent. The statement refers to both girls. It does not specifically label the witness as retarded or emotionally disturbed. In addition the statement was not made in relation to the issue of consent or complainant's ability to consent. No plain error has been shown.

■ Defendant also objects to the prosecuting attorney's reference to both girls and the male companion as simple folks who may be unique. The objection to this characterization was on the ground that it was not supported by the evidence. We find no prejudice attached to this statement in relation to the issue of complainant's mental capacity to consent to the attack. The statement did not specifically identify the complainant. Further the remark in-

vites the jury to consider observable characteristics of the witnesses who gave testimony during the trial and was an appropriate comment on the juror's legitimate function in considering the credibility of the witnesses. *State v. Williams,* 652 S.W.2d 102, 111 (Mo. banc 1983).

A trial court has considerable discretion in permitting or rejecting closing argument by counsel. *State v. Armbruster,* 641 S.W.2d 763, 766 (Mo.1982). The trial court ruling will be overturned only when the argument is plainly unwarranted and defendant can establish that the argument had a prejudicial effect upon the jury's determination. *State v. Hubbard,* 659 S.W.2d 551, 558 (Mo.App.1983). Defendant here has not shown any prejudicial effect of the prosecutor's statements. The jury observed all three witnesses testify. The jury could decide for themselves whether all three witnesses or any one of them were simple-minded.

Defendant contends that even if each statement alone is not prejudicial the cumulative effect of the voir dire question and the closing argument was prejudicial. We see no merit to that argument. The only association of the complainant and mental retardation was made out of the hearing of the jury. The closing argument did not specifically identify the complaining witness as simple. Defendant has failed to prove a cumulative prejudicial effect.

We affirm.

REINHARD and CRANDALL, JJ., concur.