**STATE of Missouri, Respondent,**

v.

**Jonathan SMITH, Defendant-Appellant.**

**No. 51284.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer Denied March 11, 1987.

Application to Transfer Denied April 14, 1987.

Ilene A. Goodman, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant, Jonathan Smith, appeals from a judgment entered on a jury verdict which found him guilty of burglary in the second degree, § 569.170, RSMo 1986. He was found to be a persistent offender and sentenced to ten years imprisonment. We affirm.

The sufficiency of the evidence is not challenged so a brief recitation of the facts will suffice. In June of 1985 Edward Beard returned home from work to find that his home had been ransacked. Several items were stolen including a VCR, jewelry, silver and cameras. A strobe light attachment for a .35 millimeter movie camera had been thrown on the floor of his den and an empty soft drink can was found on the kitchen table which had not been left by the victim. The police were contacted and they subsequently lifted several fingerprints from the strobe light and the soft drink can. The prints were matched with those of the appellant and he was then arrested. Upon arrest, Officer Dennis Conway recorded the appellant's fingerprints.

A witness for the defense, Vanessa Terrell, testified she had been to the victim's residence with the appellant. She stated she went there to take nude pictures of the victim and was paid $50.00 for doing so. She testified she took the pictures with an "instant" camera.

The victim's brother, Charles Beard, was a witness for the state and testified he had lived in his brother's home two years prior to the burglary and had seen appellant in the neighborhood. He also testified he had never allowed appellant in the home as a guest.

During trial the state made a motion to take a second set of fingerprints from the appellant and the motion was granted. Officer John Mayes recorded this second set and testified at trial as the state's latent fingerprint examiner. Both fingerprint cards were admitted as evidence and both officers testified they recorded appellant's fingerprints. Officer Mayes also testified the fingerprints found at the scene matched those taken from appellant.

Appellant makes the following contentions: (1)(a) The trial court erred in granting the state's motion to take a second set of fingerprints in that there was no showing of good cause as required by Rule 25.06(B)(3); (b) The trial court erred in permitting both fingerprint cards to be admitted in that the evidence was cumulative; (c) The trial court committed plain error in allowing Officer Conway to testify because his testimony was cumulative; (2) The trial court committed plain error in allowing the testimony of Charles Beard because it was irrelevant, immaterial and remote; (3) The trial court erred in not sustaining appellant's objection to state's comment during closing argument that victim owned a .35 millimeter camera when witness Terrell testified she used an "instant" camera because it improperly implied her testimony was untruthful.

■ Appellant's first point, that the trial court erred in admitting the testimony of Officer Conway and the second fingerprint card, addresses the issues of good cause under Rule 25.06(B)(3) and the admissibility of cumulative evidence.

The following took place at trial. The state made a motion pursuant to Rule 25.-06(B)(3) and requested the court to permit police officers to fingerprint the appellant a second time. The person who initially fingerprinted the appellant at the time of the arrest, Officer Conway, had fingerprinted hundreds of persons and was unable to specifically identify the appellant. Because the fingerprints were the only real evidence that linked appellant to the scene of the crime, the state had a right to show that the witness who made the fingerprint comparisons, Officer Mayes, could identify appellant as the person fingerprinted. The court granted the motion over appellant's objection. During presentation of evidence Officer Mayes testified as the state's fingerprint examiner. The first fingerprint card was admitted as evidence and Officer Mayes testified he made a comparison of the fingerprints on the card and the fingerprints found at the scene and opined that the prints matched those of appellant. The second fingerprint card was then admitted into evidence and Officer Mayes (1) testified he recorded the fingerprints; (2) identified the appellant as the person from whom he recorded the prints; and (3) testified he made a comparison between the two cards. Officer Conway subsequently took the stand and testified he prepared the first card but also stated he did not recognize the appellant.

As support for his contention that good cause was not shown, appellant cites *State v. Cutts*, 694 S.W.2d 804, 811 (Mo.App. 1985), which holds that it is not necessary for the officer who recorded the fingerprints to appear and testify to qualify a fingerprint card exhibit. This holding was made in response to a challenge that a fingerprint card was not properly authenticated and is inapposite here where the issue is whether the state can obtain and use a second set of fingerprints for the purpose of establishing the appellant's presence at the scene of a crime. Appellant also cites *State v. Thornton*, 651 S.W.2d 164 (Mo. App.1983), in which good cause was found to be shown. In *Thornton* the state requested a second set of fingerprints to

obviate the necessity of calling the person who took the original fingerprints. Appellant cites *Thornton* because he contends this case can be distinguished on the basis that the .officer who originally fingerprinted appellant, Officer Conway, was available to testify. Although we agree this case is distinguishable from *Thornton*, we find no language in *Thornton* that suggests the facts here do not support a finding of good cause.

The state's only real evidence linking appellant to the scene of the crime was that of the fingerprints. The state was attempting to remove any doubt that there may have been an error in the fingerprinting process. In having the fingerprints recorded a second time by a witness who could identify the appellant, the state further removed any doubt. Based on the foregoing, we find sufficient good cause to affirm the trial court's action.

■ Appellant further contends in his first point that the testimony of Officer Conway and the second fingerprint card were cumulative and therefore, inadmissible. Continuing objections were made as to the fingerprint card so it is preserved for standard appellate review. No objection was made to Officer Conway's testimony so it is presented for plain error review. Rule 29.12(b).

"Evidence is cumulative when the fact is 'fully and properly proved by other testimony' so as to take it out of the area of serious dispute." *State v. Nelson*, 663 S.W.2d 349, 350 (Mo.App.1983) (quoting *State v. Ralls*, 583 S.W.2d 289, 292 (Mo. App.1979). "Even if evidence is cumulative, that alone is not sufficient to exclude its admission." *State v. Green*, 603 S.W.2d 50, 52 (Mo.App.1980). Appellant contends the testimony and card were cumulative in that a fingerprint card had already been introduced and the second set served only to bolster the state's case. However, the state has the burden of proving its case beyond a reasonable doubt and should not be unduly limited in the quantum of proof. *State v. Evans*, 406 S.W.2d 612, 617 (Mo. 1966). Here the state attempted to resolve all doubt that the fingerprints matched

with those found at the scene were those of the appellant and this the state should be allowed reasonable latitude to do. It is within the trial court's discretion where the cumulative evidence shall stop. *State v. Tompkins*, 277 S.W.2d 587, 591 (Mo.1955). Relevance is the paramount concern in the exercise of this discretion. *State v. Rhoden*, 654 S.W.2d 352, 355 (Mo.App.1983). The trial court's exercise of discretion will not be disturbed on review unless an abuse of discretion is clearly shown. *State v. Radford*, 646 S.W.2d 366, 367 (Mo.App. 1983). It is not necessary to make a determination whether the contested evidence is cumulative because we find no abuse of discretion even if it is found to be cumulative. The trial court acted properly within its discretion in allowing the state to remove as much doubt as possible from the fingerprint evidence.

Appellant further states this case presents a situation analogous to that of *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972), in which a jury verdict was overturned because a police officer was allowed to testify that a witness had identified the defendant from a photograph and in a lineup. This case, however, presents a situation in which two separate identifications of the same thing (appellant's fingerprints) were made as opposed to merely a verification of an identification as was the case in *Degraffenreid*. We, therefore, do not find *Degraffenreid* controlling. Point denied.

■ Appellant's second point, that Charles Beard's testimony was improperly admitted, is submitted for plain error review. Plain error review is not routinely exercised and is limited to circumstances in which there is a strong, clear showing of manifest injustice or that a miscarriage of justice has resulted. Rule 29.12(b). *State v. Jordan*, 627 S.W.2d 290, 292–93 (Mo. banc 1982).

The victim's brother, Charles Beard, testified that he had lived with his brother until approximately two years prior to the burglary and that he returned the key when he moved. He also stated he had

**422**

seen the appellant in the neighborhood and had never allowed him in the home.

■ Appellant contends Beard's testimony is irrelevant and too remote to be material. Evidence is relevant if it tends to logically prove or disprove a fact in issue or corroborate other relevant evidence. *State v. Atkins*, 697 S.W.2d 226, 227 (Mo.App. 1985). Trial court rulings regarding the relevancy of evidence are discretionary and will be disturbed only if an abuse of discretion is shown. *State v. Reasonover*, 700 S.W.2d 178, 183 (Mo.App.1985). The remoteness of evidence normally affects the weight rather than the admissibility of evidence. *State v. Hodge*, 655 S.W.2d 738, 744 (Mo.App.1983). Whether relevant evidence is too remote to be material is a matter of trial court discretion. *State v. Taylor*, 701 S.W.2d 725, 727 (Mo. banc 1985). "An abuse of discretion is an erroneous finding and judgment which is clearly contrary to the facts or the logical deductions from the facts and circumstances before the court—a judicial act which is untenable and clearly against reason and which works an injustice." *State v. Stubenrouch*, 499 S.W.2d 824, 826 (Mo.App. 1973).

■ The offered testimony tended to show that his brother had custody of the keys, that appellant had not been admitted to the home as a social guest and that appellant was familiar with the victim's neighborhood. The fact that Beard's testimony related to events two years prior affects primarily the weight of the evidence and it is for the jury to assess its significance. None of the testimony suggested participation by the appellant in other criminal or wrongful behavior as was the case in *State v. Rayford*, 646 S.W.2d 137 (Mo.App.1983), and *State v. Maddox*, 657 S.W.2d 719 (Mo.App.1983), cited to us by appellant. We cannot say the offered testimony is so inflammatory or prejudicial so as to rise to the level of manifest injustice or that the trial court's decision to admit the evidence is so clearly against reason so as to constitute an abuse of discretion. Point denied.

Appellant's third point, that the state made an improper comment during closing argument, is also a matter of trial court discretion.

During closing argument the prosecution stated the victim had a .35 millimeter camera which was stolen. Appellant contends this was a misstatement of the evidence because Vanessa Terrell testified she took the photographs with an "instant" camera and there was no other evidence the victim had a .35 millimeter camera. The victim testified his cameras were stolen but did not specify the type. Appellant contends the prosecutor's misstatement "improperly intimated" to the jury the prosecution knew of additional evidence and that Vanessa Terrell's testimony was untruthful.

■ Considerable latitude is tolerated in summation. *State v. Fuhr*, 660 S.W.2d 443, 448 (Mo.App.1983). The trial court is allowed broad discretion in controlling the scope of closing argument. *State v. Jones*, 651 S.W.2d 507, 508 (Mo.App.1983). The trial court's ruling will not be disturbed absent a showing of abuse of discretion. *Fuhr, supra.* A conviction will be reversed for improper argument only if it is shown the misstatement had a "decisive effect on the jury's determination," *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982), or was "plainly unwarranted and clearly injurious." *State v. Ofield*, 651 S.W.2d 190, 194 (Mo.App.1983).

■ Again, we cannot say the trial court abused its discretion. The prosecutor's statement that the victim owned a .35 millimeter camera is not "clearly injurious." Although the appellant's objection was overruled, the prosecutor made no further mention of the camera. It is strained conjecture to suggest the prosecutor's remark had a "decisive effect" on the jury's evaluation of Vanessa Terrell's testimony. Point denied.

Judgment affirmed.

SMITH, P.J., and REINHARD, J., concur.