**STATE of Missouri, Plaintiff,**

v.

**Johnny WILSON, Defendant.**

**Johnny WILSON, Movant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 57120, 59349.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1991.

**214**

Henry B. Robertson, St. Louis, for defendant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff.

KAROHL, Judge.

A jury convicted defendant, Johnny Wilson, of burglary in the second degree, § 569.170 RSMo 1986. The court sentenced defendant as a prior and persistent offender to twelve years imprisonment. We have consolidated a direct appeal from the conviction with an appeal of denial of Rule 29.15 relief.

On direct appeal defendant alleges the trial court erred in overruling defendant's objection to (1) police testimony constituting hearsay and (2) prosecutor's conduct during closing argument wherein he had the jury observe him for thirty seconds in order to demonstrate a period of time which a police officer observed defendant in the victim's apartment.

On appeal from the denial of his Rule 29.15 motion for post conviction relief without an evidentiary hearing, defendant alleges the motion court erred in denying an evidentiary hearing because in his motion defendant alleged facts which are not refuted by the record and would entitle him to relief if proved. We affirm.

Defendant does not contest the sufficiency of the evidence. The following evidence supports the jury's verdict. On December 18, 1988, an unidentified caller notified the police that a burglary was in process at 4158 West Pine in the City of St. Louis. Upon arriving at the scene, Officer St. James observed two men in the apartment for approximately thirty seconds. Defendant was standing in a closet emptying the contents of plastic shopping bags onto the floor. Defendant's companion was in the process of removing a television set. Officer Helefe arrived and took companion into custody as he exited the building. Defendant ran. Officer St. James radioed a description of defendant as being approximately six feet tall, wearing a dark jacket with a green hood and a baseball cap. An officer on patrol spotted defendant a block away from the scene of the crime and with the aid of a canine apprehended him. Officer St. James immediately identified defendant as the person he observed in the apartment.

### DIRECT APPEAL

In his first point relied upon, defendant alleges the trial court erred in overruling his objection to hearsay testimony of Officer Helefe. Officer Helefe testified defendant's companion, after he was placed in handcuffs and Mirandized, "said something to the effect that the burglary was not his idea, that it was Slim's idea, and that Slim was in the apartment." The trial court allowed the testimony as a statement of a co-conspirator and as a part of res gestae.

"The 'res gestae' exception permits the introduction of extrajudicial statements otherwise inadmissible as hearsay where the statements are demonstrated to have been spontaneously uttered, occasioned by the excitement surrounding the commission of the offense." *State v. Green,* 541 S.W.2d 93, 96 (Mo.App.1976). Modern commentators discourage the term "res gestae" and prefer to talk about the "excited utterance exception." *State v. Williams,* 673 S.W.2d 32, 34 (Mo. banc 1984).

In this case, the companions statement was neither spontaneous nor occasioned by

the excitement surrounding the commission of the burglary. Rather, it was occasioned by the intervention of the police and made after companion had time to reflect upon his situation. *See State v. Simmons,* 734 S.W.2d 513, 514 (Mo.App.1987); *State v. Lewis,* 526 S.W.2d 49, 54 (Mo.App.1975). Furthermore, the extrajudicial statement was not admissible under the co-conspirator declarations exception because companion made the statement after the conspiracy terminated. The statement was made after the crime was consummated and did not further the objectives of the conspiracy. *See State v. Frederickson,* 739 S.W.2d 708, 711 (Mo. banc 1987); *State v. Smith,* 631 S.W.2d 353, 360 (Mo.App.1982).

Since the complained of testimony is excludable hearsay, we must determine whether its admission constituted prejudicial error. *State v. Johnson,* 714 S.W.2d 886, 890 (Mo.App.1986). Erroneous admission of evidence can be so characterized " 'if we are able to declare a belief that it was harmless beyond a reasonable doubt.' " *Id.* (Citations omitted). Proof that defendant committed the burglary was eye witness testimony defendant was caught in the act. The statement about "Slim" was wholly unrelated to direct proof. Further, no evidence was presented at trial from which the jury could link "Slim" as a nickname of defendant. Moreover, in his motion for post conviction relief, defendant alleges trial counsel was ineffective for failing to call his companion as a witness. Defendant contends companion would have testified to the fact that defendant was not known as "Slim." Defendant could not have been prejudiced by hearsay which blames someone else for planning the burglary.

■ In his second point relied upon defendant alleges the trial court erred in overruling his objection to a portion of the prosecutor's closing argument:

PROSECUTOR: The police officer had an opportunity. He said he watched [defendant and companion] for thirty seconds. Thirty seconds doesn't seem like a long time to you and I, but it's long enough to identify somebody, and especially if you're a well trained police officer. Now I'm looking at the clock now and I'm going to stop talking and I'm going to stand about twelve feet away from you, and you just look at me, and I'm going to start right now and I'm going to—

DEFENSE COUNSEL: And I'm going to object right now. This is not in evidence. As to an experiment, Your Honor—

THE COURT: Overruled.

*    *    *    *    *    *

PROSECUTOR: Ladies and gentlemen, you were looking at me during those thirty seconds. I submit to you that's more than sufficient time to identify someone, someone who's a well trained police officer who's looking at all the physical characteristics of that man and sees him five minutes later in police custody wearing the same clothes, sees his face, positively identifies him in the courtroom.

Defendant argues this demonstration was not supported by the evidence and was prejudicially misleading because the conditions of Officer St. James' observation were markedly different.

■ We will overturn a conviction after the trial court's ruling permitting closing argument only when counsel's argument is plainly unwarranted and defendant can establish the argument had a prejudicial effect upon the jury's determination. *State v. James,* 672 S.W.2d 735, 738 (Mo.App. 1984). Here, the prosecutor did not go beyond the permissible bounds of oral argument. Officer St. James testified he observed defendant for thirty seconds while defendant was in the apartment. The jury heard Officer St. James' testimony regarding the lighting and other conditions surrounding his observation. The prosecutor was not attempting to duplicate or demonstrate Officer St. James' observation. Rather, he was emphasizing the length of time of the observation and the resulting reliability. This was not unwarranted or beyond the scope of the evidence. Moreover, defendant has not shown any prejudicial effect of the prosecutor's closing argument. Point denied.

### POST CONVICTION PROCEEDING

Defendant alleges the motion court erred in denying his Rule 29.15 motion for post conviction relief without an evidentiary hearing because he alleged facts which are not refuted by the record and would entitle him to relief if proved. Defendant argues the court erred in rejecting the merits of three allegations. We will address each allegation in turn.

 First, defendant alleges his counsel was ineffective for failing to call his companion as a witness. Defendant contends this witness would have given exculpatory testimony to the effect that defendant was not known as "Slim." Motion court denied this allegation because defendant did not make the requisite allegations for ineffective assistance of counsel for failure to call a witness. *See Smith v. State*, 774 S.W.2d 562, 564 (Mo.App.1989). Additionally, we reject this contention because such testimony would not be exculpatory. There was no evidence at trial that defendant was known as "Slim."

 Second, defendant alleges a juror withheld information requested on voir dire that she witnessed a prior arrest of defendant, thus, denying defendant his Sixth Amendment right to a fair and impartial jury. Motion court denied his allegation because juror bias or misconduct constitutes trial error and is outside the scope of post conviction relief proceedings. *Pickett v. State*, 690 S.W.2d 826 (Mo.App.1985). Constitutional claims must be raised at the first available opportunity. *State v. Smith*, 781 S.W.2d 761, 770 (Mo. banc 1989), *cert. denied* — U.S. ——, 111 S.Ct. 443, 112 L.Ed.2d 426 (1990). Defendant has not alleged in his motion or in his brief on appeal why he could not raise this issue in his motion for new trial or as a matter of plain error in his direct appeal.

Third, defendant alleges he was denied the right to be present during the making of his peremptory strikes. The record refutes this claim. The trial transcript indicates defendant was present during voir dire and when the resulting jury was seated.

Judgment is affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.