ROY L. RICHTER, Judge
Randall Eye ("Movant") appeals from the motion court's judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Movant was convicted, following a jury trial, of one count of attempt to manufacture methamphetamine ("meth"), three counts of possession with intent to create meth, and two counts of possessing a controlled substance. Movant was sentenced to 15 years on the one count of attempt to manufacture meth and seven years on each of the remaining counts, which were to run concurrent with each other, but consecutive to the attempt to manufacture count, for a total sentence of 22 years' imprisonment. This Court affirmed his convictions and sentences in State v. Eye, 492 S.W.3d 222 (Mo. App. E.D. 2016). We reverse the motion court's judgment and remand for an evidentiary hearing on Movant's claim of ineffective assistance of counsel.
I. Background
On November 28, 2012, narcotics officers investigating allegations of a meth production site arrived at Movant's residence. The officers observed a fire pit outside the residence with two men, including John Greer ("Greer"), and a woman standing near the fire pit. Movant was inside the residence and consented to a search when asked by the narcotics officers. During their search of the residence, the officers found aluminum foil with burn residue in the master bathroom's trashcan. One officer testified at trial that such foil was typically used to smoke meth. Also found in the trashcan were a coffee filter, two paper towels with a white substance that was later determined to be 4.43 grams of *674 meth, and a plastic bottle with a clear liquid containing pseudoephedrine. In the master bedroom, the officers found hydrogen peroxide and prescription pill bottles containing ammonia nitrate pellets and sodium hydroxide.
In a trashcan located near the porch, the officers found the same white substance as was located in the master bathroom, aluminum foil with burn residue, and plastic bags with cut off-corners. The officers' search of the fire pit, where they initially observed Greer and two others standing, recovered a lithium battery casing that had been opened and the lithium removed. The officers also found Sudafed packaging with the Sudafed pills removed. A searching officer testified that the items found during their search of the residence and fire pit are commonly used in the production of meth.
At trial, one of the narcotics officers present at the search testified that Movant stated the aluminum foils were his, but that Movant claimed he was unaware of any of the other incriminating items found during the search. Movant called two witnesses to testify: Movant's mother, Verneda Eye ("Mother"), and Movant's stepdaughter, Shannon Greer ("Stepdaughter"). Both witnesses testified that Movant was not at his residence the three days preceding the officers' search.
The jury found Movant guilty of attempt to manufacture meth, three counts of possession of chemical with the intent to create a controlled substance, and two counts of possession of a controlled substance. On June 28, 2016, this Court affirmed Movant's conviction and sentence. State v. Eye, 492 S.W.3d 222 (Mo. App. E.D. 2016). On March 20, 2017, the motion court denied Movant's motion for post-conviction relief without an evidentiary hearing. This appeal follows.
II. Discussion
Movant alleges two points on appeal. First, he argues the motion court erred in denying his motion for post-conviction relief because Movant alleged facts that his trial counsel ("Trial Counsel") provided ineffective assistance of counsel in that Trial Counsel failed to call Greer as a defense witness. Movant claims that Trial Counsel's failure to call Greer as a witness was prejudicial because Greer would have provided a viable defense and corroborated Movant's defense that he was not responsible for the incriminating items found by narcotics officers other than the aluminum foils with residue.
Second, Movant alleges the motion court clearly erred in denying his motion for post-conviction relief because he alleged facts that the trial court erred in denying his motion for mistrial because the record established that Juror Number 46 failed to follow the court's instruction in that he discussed the case with others prior to deliberation.
Movant contends that these errors denied him of his right to due process, a jury trial, effective assistance of counsel, and his right to a fair and impartial jury, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10, 18(a), and 22(a) of the Missouri Constitution.
A. Standard of Review
We review a denial of post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. Forrest v. State, 290 S.W.3d 704, 708 (Mo. banc 2009). Findings and conclusions are clearly erroneous if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made.
*675 Gehrke v. State, 280 S.W.3d 54, 56-57 (Mo. banc 2009).
A motion court is not required to grant a movant an evidentiary hearing unless: (1) the movant pleads facts, not conclusions, which if true, would warrant relief, (2) the facts alleged are not refuted by the record, and (3) the matters complained of resulted in prejudice to the movant. Coates v. State, 939 S.W.2d 912, 913 (Mo. banc 1997).
To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances, and the movant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove prejudice, a movant must show a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694, 104 S.Ct. 2052. Trial counsel is presumed effective, and a movant bears the burden of proving otherwise. Forrest, 290 S.W.3d at 708.
B. Ineffective Assistance of Counsel
Movant alleges Trial Counsel was ineffective in failing to call Greer as a witness because Greer was available and would have testified that he was responsible for the incriminating items, other than the aluminum foils, found during the narcotics search. Movant further claims Greer would have testified that he was staying at Movant's residence the three days leading up to the narcotics officers' search of Movant's trailer and Movant only arrived 30 minutes before the officers' arrival at the residence.
Trial counsel's decision to not call a witness is a "virtually unchallengeable matter of trial strategy." State v. Hamilton, 791 S.W.2d 789, 798 (Mo. App. E.D. 1990). Counsel's decision not to call a witness is presumed to be trial strategy unless clearly shown otherwise. Bucklew v. State, 38 S.W.3d 395, 400 (Mo. banc 2001). "If a potential witness's testimony would not unqualifiedly support a defendant, the failure to call such a witness does not constitute ineffective assistance." Worthington v. State, 166 S.W.3d 566, 577 (Mo. banc 2005) (quoting State v. Jones, 885 S.W.2d 57, 58 (Mo. App. W.D. 1994) )
To warrant an evidentiary hearing on a claim that trial counsel was ineffective for failing to call a witness, the movant must allege: "(1) the identity of the witness; (2) what the witness's testimony would have been; (3) that counsel was informed of the witness's existence; and (4) the witness was available and would have testified." Rutlin v. State, 435 S.W.3d 126, 131 (Mo. App. E.D. 2014). Movant must also show that that the witness's testimony would have provided a viable defense. Id.
A movant does not demonstrate that a proposed witness's testimony would have provided a viable defense when the testimony would have been cumulative of other testimony already presented at trial. See Johnson v. State, 406 S.W.3d 892, 909 (Mo. banc 2013). Thus, trial counsel will not be found ineffective for failing to call a witness whose testimony is cumulative. Routt v. State, 493 S.W.3d 904, 912 (Mo. App. E.D. 2016). Evidence is considered cumulative when it addresses "a matter fully developed by other testimony." Barnes v. State, 334 S.W.3d 717, 722 (Mo. App. E.D. 2011). However, "[e]vidence of a different kind or of different circumstances tending to establish or disprove the same fact is not cumulative, nor is circumstantial evidence tending to prove a fact cumulative of evidence which tends to directly establish the same fact." State v. Green, 603 S.W.2d 50, 51 (Mo. App. E.D. 1980).
*676 Here, Movant's allegations are sufficient to warrant an evidentiary hearing. Although Greer's proposed testimony regarding Movant's absence from his residence prior to the narcotics officers' search was cumulative, Greer's proposed testimony that the incriminating items found at Movant's residence were his, rather than Movant's, is not refuted by the record and requires a hearing.
At trial, Trial Counsel called Mother and Stepdaughter as witnesses. Both provided similar testimony regarding Movant's whereabouts prior to the narcotics search. Mother testified that Movant was residing at her house during the three days preceding the officers' search of Movant's residence. Similarly, Stepdaughter testified that Movant was not at his residence during the three preceding days because his residence was being treated for a bug infestation and that he only arrived 30 minutes before the narcotics officers arrived.
Stepdaughter specifically testified that when she arrived at Movant's residence she saw Greer acting "very, very peculiar" as he paced and took trash to a burn pile outside the residence. Stepdaughter further testified that she did not notice any meth making or meth around Movant's residence in the three days before the police search.
Greer's proposed testimony that Movant was not at his residence the three days leading up to the police search because the residence was being treated for a bug infestation was expressly stated by both Mother and Stepdaughter. Thus, Greer's testimony regarding Movant's absence from his residence on the three days leading up to the narcotics officers' search would have been cumulative to the testimony already provided by Stepdaughter and Mother and was insufficient in establishing that Greer's proposed testimony would provide a viable defense.
Movant's allegation that Greer would testify regarding his responsibility for the incriminating items found during the search, however, was not cumulative to testimony already presented at trial. In denying an evidentiary hearing based on Movant's allegation that Greer's testimony would have provided a viable defense, the motion court found "it highly unlikely [Greer] would have cooperated with such a defense. There would have been an inherently high likelihood of either perjured testimony or the invocation of [Fifth] Amendment privilege by this witness." Although the motion court's conclusion is logical, in the absence of a hearing, the record does not refute Movant's allegation that Greer's testimony would have provided a viable defense. Without any evidence regarding the basis for Trial Counsel's decision not to call Greer as a witness or the credibility and likelihood of Greer's testimony, the record does not refute Movant's allegation. Moreover, Stepdaughter's testimony that she did not notice any meth at Movant's residence three days before the search does not make Greer's proposed testimony cumulative because his proposed testimony would provide different circumstances to establish the fact that he, rather than Movant, was responsible for the incriminating items found in the fire pit and residence.
While Greer's testimony pertaining to Movant's absence from the residence during the three days preceding the narcotics officers' search was cumulative, Movant's allegation that Greer would testify that incriminating items, other than the aluminum foils discovered at Movant's residence were his, was not already presented at trial. The record does not clearly refute Movant's allegation because it contains no evidence regarding Trial Counsel's decision not to call Greer as a witness. Thus, the motion court erred in denying his Rule 29.15 motion for post-conviction relief *677 without an evidentiary hearing. The motion court's judgment is reversed and remanded for an evidentiary hearing on Movant's allegation that Greer's testimony would have provided a viable defense. Movant's first point is granted.
C. Juror Misconduct
In his second point, Movant argues the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because the trial court plainly erred in not excusing Juror 46 after discovering that the juror had indicated to another juror that he had already made up his mind.
The record indicates that prior to deliberation, the trial court held a hearing based on the allegation that Juror 46 had told another juror that he had already made his mind up about the case. Juror 46 admitted to making the statement and Movant requested that the court replace the juror with an alternate juror. The State did not object to Movant's request and Juror 46 was replaced by an alternate juror. The trial court rejected Movant's request for a mistrial.
A motion for post-conviction relief does not substitute for a direct appeal. State v. Tolliver, 839 S.W.2d 296, 298 (Mo. banc 1992). Rule 29.15 cannot be used to obtain post-conviction review of matters which were or should have been raised on direct appeal. Id. When a constitutional issue could have been raised on direct appeal, the claim may not be raised in a Rule 29.15 motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. Id. This Court has specifically noted that juror bias or juror misconduct constitutes trial error and is outside the scope of post-conviction relief proceedings. State v. Wilson, 812 S.W.2d 213, 216 (Mo. App. E.D. 1991). Instead, a juror misconduct claim amounting to a constitutional error can only be raised in a Rule 29.15 motion when the factual basis of the juror misconduct was not discovered until after the trial. Id.
Here, Movant had the opportunity to raise his claim of juror misconduct on direct appeal. The alleged error was addressed in a hearing prior to deliberation and Movant made a request for mistrial at this time. Thus, the alleged constitutional error was discovered prior to the end of trial and could have been raised on direct appeal. Accordingly, Movant failed to allege facts sufficient for an evidentiary hearing on his claim of juror misconduct. Movant's second point is denied.
III. Conclusion
We reverse the motion court's judgment and remand for an evidentiary hearing on Movant's claim of ineffective assistance of counsel. In all other respects, the judgment is affirmed.
Lisa P. Page, P.J., concurs.
Philip M. Hess, J., concurs.